UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANNA SILKOWSKI,

        *Plaintiff*,

-against-

ANDREA MANGIONE, as the administrator of the estate of Susan F. Epstein,

        *Defendant*.

24-CV-8666 (ARR) (JAM)

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiff Anna Silkowski brings this suit against Defendant Andrea Mangione, in her capacity as the administrator of Susan F. Epstein's estate. Ms. Silkowski alleges that she worked for Ms. Epstein as a housekeeper for nearly twenty years without compensation. Ms. Epstein's estate now moves to dismiss a portion of Ms. Silkowski's claims. For the reasons set forth below, Defendant's motion is denied.

**BACKGROUND**[1]

Ms. Silkowski worked as a housekeeper for Ms. Epstein for approximately twenty years, until Ms. Epstein's death on December 17, 2023. ECF 9 ("Amended Complaint" or "AC") ¶ 12. For approximately twenty-five hours each week, Ms. Silkowski engaged in household chores such as cooking, cleaning, shopping, and taking out the trash at Ms. Epstein's condominium, located at 97-12 63rd Drive, Apt. 10E in Rego Park, New York ("Rego Park Apartment"). AC ¶¶ 4, 14–15.

Before Ms. Silkowski began working for Ms. Epstein, Ms. Epstein "promised her the Rego Park Apartment as compensation for her services." *Id.* ¶ 13. That promise motivated Ms. Silkowski

---

[1] In considering the instant motion, I accept as true the factual allegations in Plaintiff's Amended Complaint. *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 106 (2d Cir. 2023).

to work without direct monetary compensation, as she was under the impression that she would be paid via the Rego Park Apartment. *Id.* Ms. Epstein never gave Ms. Silkowski the Rego Park Apartment. *Id.* ¶ 26. Four months before she died, Ms. Epstein also promised Ms. Silkowski that she would create a trust for her benefit in exchange for her past and future services. *Id.* ¶ 17. That trust was never created. *Id.*

Approximately one or two months before her death, "Ms. Epstein substituted Ms. Silkowski with another worker because Ms. Silkowski had to take a trip to Poland for several weeks." *Id.* ¶ 19. When Ms. Silkowski returned from Poland, she observed Ms. Epstein paying the substitute worker for her services. *Id.* ¶ 20. Ms. Epstein died on December 17, 2023. *Id.* ¶ 4. On June 4, 2024, Ms. Mangione was appointed as the administrator of Ms. Epstein's estate by order of New York Surrogate's Court. *Id.* ¶ 5.

Ms. Silkowski filed the instant action on December 19, 2024. ECF 1. Ms. Silkowski filed her Amended Complaint on January 31, 2025, which alleges four claims for relief. ECF 9. First, she claims that she is owed unpaid wages under the Fair Labor Standards Act's ("FLSA") minimum wage provisions. *Id.* ¶¶ 27–31. Second, she claims unpaid wages under the New York Labor Law ("NYLL"). *Id.* ¶¶ 32–35. Finally, she brings common law claims for quantum meruit, *id.* ¶¶ 36–40, and unjust enrichment, *id.* ¶¶ 41–45. Defendant filed a motion to dismiss on March 4, 2025, arguing that a portion of Ms. Silkowski's claims should be dismissed as time-barred and preempted. ECF 13 ("Def.'s Mot."). Ms. Silkowski filed her response on March 21, 2025. ECF 14 ("Pl.'s Mot."). Defendant filed their reply papers on March 25, 2025. ECF 16 ("Def.'s Reply").

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

2

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a court must "accept[ ] as true the factual allegations in the complaint and draw[ ] all inferences in the plaintiff's favor," *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015), it need not "accept as true legal conclusions couched as factual allegations," *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475–76 (2d Cir. 2009). When considering a motion under Rule 12(b)(6), a court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014).

## DISCUSSION

### I. Unpaid Wages Under the Fair Labor Standards Act

Ms. Silkowski claims that she is owed unpaid wages under FLSA, 29 U.S.C. § 201 *et seq.*, for the last three years she worked for Ms. Epstein. AC ¶ 23. Defendant argues that Ms. Silkowski's FLSA claim is constrained by a two-year statute of limitations because she fails to allege a "willful" violation. Def.'s Mot. at 1–2. I find that Ms. Silkowski has plausibly alleged that Ms. Epstein willfully violated FLSA, and therefore deny Defendant's motion as to Ms. Silkowski's FLSA claim.

Claims for unpaid overtime compensation under FLSA are generally subject to a two-year statute of limitations. 29 U.S.C. § 255(a). However, a claim "arising out of an employer's willful violation of the FLSA are subject to a three-year statute of limitations." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 318 (2d Cir. 2021). "An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "Mere negligence is insufficient" and an employer who "acts unreasonably, but not recklessly, in determining its legal obligation . . . should not be considered willful." *Whiteside*, 995 F.3d at 324 (quotation marks omitted).

At the motion to dismiss stage, a "FLSA plaintiff must plausibly allege willfulness to secure the benefit of the three-year limitations period." *Id.* at 323. To do so, "[she] must 'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018) (quoting *Twombly*, 550 U.S. at 570). Courts in this circuit analyzing FLSA claims have observed that "whether an employer's conduct is willful is a fact intensive inquiry not appropriately resolved on a motion to dismiss." *Maria v. El Mambi Rest. Corp.*, No. 20-CV-3707, 2021 WL 2337577, at *4 (S.D.N.Y. June 8, 2021) (quotation marks and citations omitted). "Thus, courts considering the question at this juncture 'tend to favor findings of willfulness.'" *Id.* (quoting *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 191 (E.D.N.Y. 2015)); *see also Jones v. Pawar Bros. Corp.*, 434 F. Supp. 3d 14, 28 (E.D.N.Y. 2020) ("Courts in this Circuit have generally left the question of willfulness to the trier of fact.").

I find that Ms. Silkowski's Amended Complaint sufficiently alleges facts that permit a plausible inference that Defendant willfully violated FLSA. First, supporting her allegation that

4

Ms. Epstein "knew she had an obligation to compensate [her] for her services" and knowingly violated FLSA, Ms. Silkowski alleges that she observed Ms. Epstein paying a substitute worker for her services. AC ¶¶ 18, 20. In *Pappas v. City of New York*, the court found that an allegation that the employer had "previously provided a retired police lieutenant with handler compensation" demonstrated willfulness because it indicated that the employer was on notice of its obligations under FLSA to pay the plaintiff for similar services, No. 23-CV-6010, 2024 WL 2093472, at *13 (S.D.N.Y. May 9, 2024). Furthermore, Ms. Silkowski's conversations with Ms. Epstein regarding payment—either in the form of the Rego Park Apartment or a trust for her benefit—reflect that Defendant was aware that some form of compensation was necessary for Ms. Silkowski's labor. AC ¶¶ 13, 17.

The extreme facts of Ms. Silkowski's employment also suggest that her employer willfully violated FLSA. Courts in this circuit have found less egregious employment practices to constitute willful violations of FLSA. *See Liu v. Jen Chu Fashion Corp.*, No. 00-CV-4221, 2004 WL 33412, at *4 (S.D.N.Y. Jan. 7, 2004) (finding that defendants had "no excuse for not paying the minimum wages and overtime wages to manual laborers" and "must have acted willfully and intentionally"); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 87 (E.D.N.Y. 2012) (finding plaintiff's willfulness allegation sufficient where "she was paid a mere $500 for over 60 hours of work each month"). Here, Ms. Epstein's alleged failure to pay Ms. Silkowski anything at all for nearly twenty years suggests her "deliberate disregard" of the risk of violating FLSA. *Agureyev v. H.K. Second Ave. Rest. Inc.*, No. 17-CV-7336, 2018 WL 4356731, at *2 (S.D.N.Y. Sept. 12, 2018).

As Ms. Silkowski has provided factual support to back up her allegations of willfulness, her claims that are more than two years but less than three years old are not time-barred. *Cf. Romero v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 21-CV-4951, 2022 WL

5

624451 (S.D.N.Y. Mar. 2, 2022) (denying plaintiff's claims older than two years because she included only a conclusory allegation, with no factual support, in her complaint). The factual allegations in the Amended Complaint provide a plausible inference that Defendant willfully violated the statute. Therefore, I deny Defendant's motion to limit Ms. Silkowski's FLSA claim to two years at this stage in the litigation.

## II. Unpaid Wages Under New York Labor Law

Ms. Silkowski brings a claim under NYLL Article 6, §§ 191, 198-b, NYLL Article 19, and wage orders issued under 12 N.Y.C.R.R. §§ 137–143, seeking damages incurred over the last six years and 228 days. AC ¶¶ 1, 34. Ms. Silkowski argues that her claim is entitled to an additional 228 days of damages due to Governor Andrew Cuomo's Executive Order 202.8, 9 N.Y.C.R.R. § 8.202.8, which tolled the time limits for the commencement, filing, and service of legal actions between March 20, 2020 and November 3, 2020. Defendant argues that Executive Order 202.8 does not extend Ms. Silkowski's NYLL claim for an additional 228 days, and moves to dismiss this portion of the NYLL claim.

"A toll suspends the running of the statute of limitations for a finite time period, whereas a suspension only delays the expiration of the time period until the end date of the suspension." *Murphy v. Harris*, 177 N.Y.S.3d 559, 561 (2022). While Plaintiff and Defendant agree that Executive Order 202.8 "tolled" the statute of limitations, they disagree as to how a toll applies to her NYLL claim. Def.'s Mot. at 4; Pl.'s Mot. at 4. Defendant argues that any claim that could have been filed during Executive Order 202.8's effective period must have been filed 228 days after November 3, 2020, the date the toll was extended to. In other words, Defendant argues that Executive Order 202.8 does not add time before the statute of limitations began. Def.'s Mot. at 4–5.

6

However, contrary to Defendant's interpretation, "the majority of courts in this circuit have held that Executive Order 202.8 . . . added time 'before' the statute of limitations began running." *Laboy v. Quality Auto. Servs., Inc.*, No. 21-CV-2501, 2023 WL 10354091, at *3 (E.D.N.Y. June 20, 2023) (finding that plaintiff likely had timely NYLL claims "from September 18, 2014 (six years prior plus 228 days)"); *Garcia v. Three Decker Rest., Ltd.*, No. 22-CV-01387, 2024 WL 1311897, at *6–7 (S.D.N.Y. Mar. 27, 2024) (finding plaintiff was entitled to recover for six years and 228 days in their NYLL claim because Executive Order 202.8 lasted 228 days); *Marquez v. Indian Taj, Inc.*, No. 20-CV-5855, 2022 WL 4485948, at *5 (E.D.N.Y. Aug. 5, 2022), report and recommendation adopted, No. 20-CV-05855, 2022 WL 4485185 (E.D.N.Y. Sept. 27, 2022) (same); *Nasir v. Khokon*, No. 23-CV-2128, 2024 WL 4664722, at *1 n.2 (E.D.N.Y. Aug. 26, 2024) (same); *see also Charles Equip. Energy Sys., LLC v. INNIO Waukesha Gas Engines, Inc.*, No. 22-CV-2716, 2023 WL 2346337, at *1 n.1 (S.D.N.Y. Mar. 3, 2023) ("Executive Order 202.8 . . . tolled the statute of limitation for the filing of any claim brought under New York law. This added a total of 228 days to the otherwise-applicable four-year limitations period."). Following the analysis of other courts in applying Executive Order 202.8 to claims brought under New York law, I find that Ms. Silkowski may move forward with her NYLL claim dating back six years plus 228 days.

Therefore, I deny Defendant's motion to dismiss the portion of Ms. Silkowski's claim under NYLL seeking damages for an additional 228 days.

### III.     Quantum Meruit and Unjust Enrichment

Finally, Defendant moves to dismiss Ms. Silkowski's quantum meruit and unjust enrichment claims on the basis that they are preempted by her FLSA claim. As a preliminary matter, I note that Plaintiff's FLSA claim is based on Ms. Epstein's failure to pay the federal

7

minimum wage and not FLSA's overtime provisions, as the Amended Complaint alleges that Ms. Silkowski worked approximately 25 hours per week. AC ¶¶ 23, 14.

"It is well-established that preemption may be analyzed and decided at the motion to dismiss stage." *Utts v. Bristol–Myers Squibb Co.*, 251 F.Supp.3d 644, 672 (S.D.N.Y. 2017) (collecting cases). In the context of a motion to dismiss, the Second Circuit instructs that, "the factual allegations relevant to preemption must be viewed in the light most favorable to the plaintiff" and that a "district court may find a claim preempted only if the facts alleged in the complaint do not plausibly give rise to a claim that is not preempted." *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 444 (2d Cir. 2015).

Ms. Silkowski appears to bring her common law claims under a quasi-contract theory, given that she does not allege the existence of an employment contract between her and Ms. Epstein. To state a claim for recovery in quantum meruit, a plaintiff must sufficiently allege "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.,* 418 F.3d 168, 175 (2d Cir. 2005) (applying New York law) (internal quotation marks omitted). "A claimant seeking relief under a theory of unjust enrichment in New York must demonstrate (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 509 (2d Cir. 2009) (quotation marks omitted). Under New York law, claims of quantum meruit and unjust enrichment can be analyzed together as a "single quasi contract claim." *See Catskill*, 418 F.3d at 175; *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 663 (2d Cir. 1996) ("Counts Two and Three for quantum meruit and unjust enrichment were quite properly subsumed by the district court into a single count

8

for restitution."). Therefore, I have consolidated my analysis of the preemption of Ms. Silkowski's quantum meruit and unjust enrichment claims.

While FLSA preempts common law claims based on a failure to comply with its compensation provisions, it does not prevent parties from contracting for other forms of compensation. In other words, I must analyze whether Ms. Silkowski's "state common law claims are premised on violations of the FLSA, or upon some other agreement between the parties to provide protection greater than that afforded by the FLSA." *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 468 (E.D.N.Y. 2011); *see also DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 533 (E.D.N.Y. 2011) (finding plaintiffs' common law claims seeking "straight time" pay were not duplicative of their FLSA overtime claims, and therefore not preempted); *Sosnowy*, 764 F.Supp.2d at 463 ("To the extent that the state common law claims seek recovery for claims that are unavailable under the FLSA they are not preempted because an employer may contractually agree to compensate employees for time that is not mandatorily compensable under the FLSA."). In *Wilk v. VIP Health Care Services, Inc.*, Judge Glasser found that the plaintiff could plead quantum meruit in the alternative to her NYLL and FLSA claims at the motion to dismiss stage, No. 10-CV-5530, 2012 WL 560738, at *5 (E.D.N.Y. Feb. 21, 2012) (citing *Chaluisan v. Simsmetal E. LLC*, 698 F. Supp. 2d 397, 408 (S.D.N.Y. 2010)). The court reasoned that defendants could later move for summary judgment if discovery revealed that the quantum meruit claim was seeking relief for hours coterminous with the plaintiff's FLSA and NYLL claims. *Id.* Here, Ms. Silkowski's Amended Complaint plausibly gives rise to a claim under quantum meruit and unjust enrichment—based on Ms. Epstein's promises to Ms. Silkowksi, Ms. Silkowski's expectation that she would be paid in some way, and Ms. Silkowski's years of uncompensated labor—that is not duplicative of her claim that Ms. Epstein violated FLSA by

9

failing to pay her a minimum wage.

Viewing the facts of Ms. Silkowski's common law claim in the light most favorable to her, it does not appear that she seeks damages under the statutory wage rates provided by FLSA. Indeed, Ms. Silkowski's calculation of underpayment is different for the two claims: her FLSA claim is calculated at $127,530 and her quantum meruit and unjust enrichment claim alleges an underpayment of $174,678. AC ¶ 24; *cf. Cano v. Tremson Recycling LLC*, No. 24-CV-1612, 2025 WL 964552, at *13 (S.D.N.Y. Mar. 14, 2025), *report and recommendation adopted sub nom. Gonzalez v. Tremson Recycling LLC*, No. 24-CV-1612, 2025 WL 964253 (S.D.N.Y. Mar. 31, 2025) (finding that it was not necessary to proceed on a contract-related theory where plaintiff's exposition of damages arising from overtime violation did not offer any calculation of damages specific to quantum meruit or unjust enrichment). Thus, Plaintiff's calculation of the appropriate compensation owed under quantum meruit and unjust enrichment using the hourly mean wage of housekeepers in New York State, AC ¶ 22, plausibly gives rise to a quasi-contract claim that is not "based solely on an alleged FLSA violation" and is instead based on an "independent basis." *Chaluisan*, 698 F. Supp. 2d at 408. Through her common law claims, Ms. Silkowski can seek to vindicate Ms. Epstein's alleged promise to provide her with compensation in the form of the Rego Park Apartment or a trust for her benefit. AC ¶¶ 13, 17.

"Discovery will reveal whether this claim seeks [minimum wage] compensation and whether it is duplicative of Plaintiff's FLSA claim for [minimum wage] compensation." *Chaluisan*, 698 F. Supp. 2d at 409. Therefore, I conclude at this stage that Ms. Silkowski's common law claims are not preempted to the extent that those claims do not seek damages duplicative of her claim for statutory relief.

10

## CONCLUSION

For the reasons set forth above, I deny Defendant's motion to dismiss Plaintiff's FLSA and NYLL claims. I also deny Defendant's motion as to Plaintiff's common law quantum meruit and unjust enrichment claim.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated: May 14, 2025
      Brooklyn, New York